UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MICHA SEYMOUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00201-JPH-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Motion to Dismiss Petition for a Writ of Habeas Corpus and
Denying Certificate of Appealability**

Petitioner Micha Seymour was convicted of attempted murder and adjudicated a habitual offender in Marion County, Indiana in 2013. Mr. Seymour now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent argues that the petition must be denied because it is time-barred and Mr. Seymour failed to exhaust available state court remedies before bringing his claim in federal court. For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [13], is **granted**, and Mr. Seymour's petition for a writ of habeas corpus is **dismissed without prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Background

In 2012, a jury convicted Mr. Seymour of attempted murder and adjudicated him a habitual offender, and the trial court sentenced him to 75 years. Dkts. 13-6 at 4–5, 13-3 at 4. Mr. Seymour's habitual offender adjudication was reversed on direct appeal. Dkt. 13-3 at 9. On retrial, the trial court again found Mr. Seymour to be a habitual offender and sentenced him to 75 years. Dkt. 13-6 at 8. The Indiana Court of Appeals affirmed, and the Indiana Supreme Court denied Mr. Seymour's petition to transfer on March 13, 2014. Dkt. 13-4.

Mr. Seymour filed a petition for post-conviction relief on June 18, 2014. Dkt.13-7 at 1. He filed a motion to withdraw the petition on October 10, 2017, which the post-conviction court granted on October 12, 2017. *Id.* at 5. Mr. Seymour filed a second petition for post-conviction relief on May 16, 2018. Dkt. 13-8 at 1. He again filed a motion to withdraw his petition for post-conviction relief on June 6, 2019, which the post-conviction court granted on June 7, 2019. *Id.* at 2.

On April 16, 2020, Mr. Seymour filed the instant petition for a writ of habeas corpus, which was signed on April 13, 2020, seeking federal collateral review of his conviction. Dkt. 1. Though his claims are not clear, the Court construes Mr. Seymour's first ground for relief as a claim of ineffective assistance of counsel for failure to object to the enhancement of his sentence. *Id.* at 4.

## II. Discussion

Before seeking habeas corpus review in federal court, a petitioner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1). To satisfy the statutory exhaustion requirement, a petitioner must "fairly present his federal claim to the state courts through one complete round of state court review, whether on direct appeal or in post-conviction proceedings." *Whatley v. Zatecky*, 833 F.3d 762, 770–71 (7th Cir. 2016). The interests of comity and federalism dictate that state courts have the first opportunity to correct constitutional violations that occurred in a state court proceeding before a petitioner proceeds to federal court. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005).

Mr. Seymour has not exhausted his state court remedies. He has filed and withdrawn two petitions for post-conviction relief in the court of his conviction. Both petitions were withdrawn without prejudice, meaning he may still seek post-conviction relief in state court. Because Mr. Seymour's post-conviction petitions have been dismissed without prejudice, he still has the opportunity to assert his claims challenging his sentence in state court. *See* 28 U.S.C. § 2254(c)

("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

Accordingly, Mr. Seymour's petition is **dismissed without prejudice**. *See Dolis v. Chambers*, 454 F.3d 721, 724-25 (7th Cir. 2006). Given the timeline of Mr. Seymour's state court proceedings, dismissal without prejudice might effectively end his opportunity to pursue relief under § 2254. The Court therefore must "consider whether a stay might be more appropriate than an outright dismissal, regardless of whether the petitioner has made such a request." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). A stay is appropriate where the petitioner has shown good cause for failing to exhaust his state remedies and the claim is not plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Mr. Seymour has not shown good cause, as he has not explained why he has not litigated to completion either of his post-conviction petitions in state court. Therefore, stay and abeyance is not appropriate here.

### IV. Conclusion

Mr. Seymour has not exhausted his remedies in state court, and he has not provided justification for his failure to do so. The respondent's motion to dismiss, dkt. [13], is therefore **granted**, and the petition for a writ of habeas corpus is **dismissed without prejudice**.

Judgment consistent with this Order shall now issue.

### V. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing

of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on procedural grounds (such as the statute of limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Here, no reasonable jurist could disagree that Mr. Seymour has failed to exhaust available state court processes. The Court therefore **denies** a certificate of appealability.

**SO ORDERED.**

Date: 3/26/2021

　　　　　　　　　　　　　　　　　　　_James Patrick Hanlon_
　　　　　　　　　　　　　　　　　　　James Patrick Hanlon
　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　Southern District of Indiana

Distribution:

MICHA SEYMOUR
109795
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov